166 So. 724

## HERREN v. STATE.

### 6 Div. 846.

Court of Appeals of Alabama.

Jan. 14, 1936.

Rehearing Denied Feb. 18, 1936.

to quote from those authorities the answers to the complaints made by appellant with reference to same.

There is nowhere "prejudicial error" apparent.

The judgment is affirmed.

Affirmed.

Beddow, Ray & Jones, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and George Lewis Bailes, Sol., and Robt. G. Tate, Deputy Sol., both of Birmingham, for the State.

RICE, Judge.

The appellant was indicted and convicted for and of the offense of robbery. He was sentenced to serve a term of ten years' imprisonment in the penitentiary.

H. E. Nolan, manager of a Hill grocery store in Birmingham, Ala., testified that he was held up and robbed by two armed men—definitely identifying appellant as one of those men. Nolan's testimony was corroborated by that of C. Y. Stewart, a district manager for Hill's, who was present at the time of the robbery.

The defense interposed, if not unique, was certainly novel. No denial was made of the fact of the robbery; to the contrary, it was expressly admitted. But appellant's brother, himself a confessed felon (as was the appellant), took the witness stand and testified that he (with another) committed the robbery; that appellant was not present, had nothing to do with it, but that he and the appellant look very much alike. The effort was, as stated, to show that Nolan and Stewart were simply mistaken; that the real robber was witness—not appellant. The jury would not have it so.

There is really nothing worthy of mention apparent (Code 1923, § 3258) or presented in argument in appellant's behalf at the bar or in brief—both by able counsel.

As said counsel admit, "the question of identification of the defendant (appellant) is the sole question of fact in this case."

On that question the testimony on behalf of the state was direct and positive. There was no motion for a new trial. Obviously, there is nothing for us to say.

The two or three exceptions reserved on the taking of testimony are so plainly without merit, in view of the authorities cited by the counsel representing the state on this appeal, that we deem it unnecessary